08 CV 2259                       File No. 3006974-ELS/DPG

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. SHURLAND,<br>individually and as the representative<br>of a class of similarly-situated persons,<br><br>       Plaintiff,<br><br>       vs.<br><br>BACCI CAFÉ & PIZZERIA ON OGDEN<br>INC., and DOES 1-10,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>Case No. 08 CV 2259<br><br>Judge Pallmeyer<br><br>Mag. Judge Brown |

## BACCI CAFÉ & PIZZERIA ON OGDEN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

**NOW COMES** the Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC., by and through its attorneys, SMITHAMUNDSEN LLC, and for his Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

## INTRODUCTION

1.  Plaintiff Christopher D. Shurland ("Plaintiff") brings this action to secure redress for himself and others similarly situated for violations by BACCI CAFÉ & PIZZERIA ON OGDEN, INC., ("Defendant") and Does 1-10, of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

**ANSWER:**  **Defendant admits that Plaintiff purports to bring an action against Defendant under FACTA, but denies all other allegations against defendant as contained in Paragraph 1 of Plaintiff's Class Action Complaint.**

2.  Specifically, Plaintiff alleges that, on credit or debit card receipts provided at the point of sale or transaction, Defendant printed more than the last five digits of the card

Case No. 08 CH 10786                                    3006974 - ELS/MAA

number and the card's expiration date.

**ANSWER:    Defendant merely admits that Plaintiff purports to allege the above actions, but denies all the allegations against defendant as contained in Paragraph 2 of Plaintiff's Class Action Complaint.**

3.    One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

**No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

**ANSWER:    This paragraph purports to recite FACTA and defendant denies any characterization of the statute inconsistent with the language of the statute.**

4.    The purpose of this "truncation requirement" is to prevent identity theft.

**ANSWER:    Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Class Action Complaint.**

5.    The Federal Trade Commission has estimated that, each year, criminals fraudulently assume the identities of more than 9 million persons for financial gain, causing losses in excess of $50 billion.

**ANSWER:    Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Class Action Complaint.**

6.    Identity thieves often obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.  Identity thieves who do this are known as "carders" and "dumpster divers." This "low tech" method is more prevalent than the use of sophisticated electronic means to obtain the information.  Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

**ANSWER:    Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Class Action Complaint.**

Case No. 08 CH 10786                                    3006974 - ELS/MAA

7.    Sophisticated identity thieves can replicate a credit card number using the expiration date and the last four digits of the credit card number.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Class Action Complaint.**

8.    The expiration date is generally necessary for the misuse of the card number.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Class Action Complaint.**

9.    Merchants generally will not honor a credit card in a card-not-present transaction (telephone or Internet or fax) without both the correct expiration date and the card number.  Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Class Action Complaint.**

10.    To curb this means of identity theft, FACTA prohibits merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Class Action Complaint.**

11.    The Fair and Accurate Transactions Act of 2003 was enacted on December 4, 2003. FACTA is part of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §§ 1681 *et seq*, and gave merchants who accept credit or debit cards up to three years to comply with the truncation requirements. 15 U.S.C. §§ 1681 (g) (3) (A) (B). FACTA required full compliance with its provisions no later than December 4, 2006 for all machines in use and in all transactions. 15 U.S.C. § 1681 c(g)(3)(A).

Case No. 08 CH 10786                                      3006974 - ELS/MAA

**ANSWER:    This paragraph purports to recite FACTA, and defendant denies any characterization of the statute inconsistent with the language of the statute.**

12.    FACTA provided two compliance deadlines: (1) Machines brought into use before January 1, 2005, must have been brought into full compliance before December 4, 2006; and (2) machines first used after January 1, 2005 were required to fully comply immediately.

**ANSWER:    This paragraph purports to recite FACTA, and defendant denies any characterization of the statute inconsistent with the language of the statute.**

13.    Here, Plaintiff alleges that Defendant violated FACTA by failing to comply with the truncation requirement; specifically by printing more than the last five digits of the card numbers or by printing credit and debit card expiration dates on receipts provided to cardholders.  Furthermore, Plaintiff alleges that Defendant violated FACTA recklessly by failing to protect Plaintiff (and a class of others similarly situated) against identity theft and credit or debit card fraud.

**ANSWER:    Defendant merely admits that Plaintiff purportedly alleges the above actions, but denies all the allegations against defendant as contained in Paragraph 13 of Plaintiff's Class Action Complaint.**

14.    Defendant invaded the privacy of Plaintiff and the other class members by printing their protected, private information on receipts and permitting Defendant's employees access to that private information.

**ANSWER:    Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Class Action Complaint.**

15.    Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§ 1681p *et seq.*  Plaintiff seeks class wide statutory damages, attorneys' fees, costs

Case No. 08 CH 10786                                                3006974 - ELS/MAA

and such other relief as the Court deems proper, including punitive damages the evidence shows them appropriate.

**ANSWER:**    **Defendant merely admits that Plaintiff purportedly alleges the above actions, but denies all the allegations against defendant as contained in Paragraph 2 of Plaintiff's Class Action Complaint.**

## JURISDICTION AND VENUE

16.    This Court has jurisdiction pursuant to 735 ILCS 5/2-209 because Defendant has transacted business and committed tortuous acts related to this matter within Illinois.

**ANSWER:**    **Defendant has insufficient knowledge with respect to the Court's jurisdiction, but denies all allegations of wrongdoing contained in Paragraph 16 of Plaintiff's Class Action Complaint.**

17.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101 of et seq. because Defendant's wrongful conduct occurred in Cook County, Illinois.

**ANSWER:**    **Defendant has insufficient knowledge with respect to the Court's venue, but denies all allegations of wrongdoing in Paragraph 17 of Plaintiff's Class Action Complaint**

## PARTIES

18.    Plaintiff CHRISTOPHER D. SHURLAND is a resident of this Illinois.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 18 of Plaintiff's Class Action Complaint.**

19.    Defendant BACCI CAFÉ & PIZZERIA ON OGDEN, INC., is an Illinois corporation operating the BACCI PIZZERIA is located at 20 West Ogden Avenue in, Berwyn, Illinois 60402.

**ANSWER:**    **Defendant admits the allegations in this paragraph.**

20.    Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

Case No. 08 CH 10786                                        3006974 - ELS/MAA

**ANSWER:**    **Defendant admits that it accepts credit cards or debit cards, and denies any characterization of FACTA inconsistent with the language of the statute.**

21.    Defendants Does 1-10 are individual officers, directors, employees and agents of defendant who authorized, directed or participated in the violations of law complained of.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 21 of Plaintiff's Class Action Complaint.**

## FACTS

22.    On August 11, 2007, after FACTA's final truncation requirement went into effect, Plaintiff received from the BACCI CAFÉ & PIZZERIA a computer-generated cash register receipt displaying Plaintiff's entire credit card number and expiration date.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Class Action Complaint.**

## CLASS ALLEGATIONS

23.    Plaintiff brings this action on behalf of a class pursuant to 735 ILCS 5/2-801.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Class Action Complaint.**

24.    The class is defined as: "All persons to whom Defendant provided an electronically-printed receipt at the point of a sale or transaction after the applicable statutory deadline (after December 4, 2006 for machines in use before January 1, 2005 or immediately for machines first used after January 1, 2005) and which receipt displayed either (a) more than the last five digits of the purchaser's credit card or debit card number, or (b) the expiration date of the purchaser's credit card or debit card, or (c) both.[1]

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Class Action Complaint.**

---

[1] Excluded from the Class are Defendant's officers and directors, Plaintiff's counsel, and any Judge or Justice presiding over this action.

Case No. 08 CH 10786                                    3006974 - ELS/MAA

25.    The class is so numerous that joinder of all individual members in one action would be impracticable.  The proposed class includes more than 100 persons.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Class Action Complaint.**

26.    Common questions of law or fact apply to the claims of all class members and those common questions predominate over questions affecting only individual members.  The common questions include the following:

a.    Whether Defendant printed sales or transaction receipts truncated credit or debit card numbers and credit or debit card expiration dates as FACTA required:

b.    When Defendant put its credit and debit card machines into service;

c.    Whether Defendant had a practice of providing customers sales or transaction receipts that failed to comply with FACTA's truncation requirements;

d.    Whether Defendant violated FACTA;

e.    Whether Defendant's conduct was reckless;

f.    What amount of statutory damages the Court should order Defendant to pay and

g.    Identification and involvement of the Doe Defendants.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Class Action Complaint, including subparagraphs a through g.**

27.    Plaintiff's claims and typical of the claims of the other class members. Every class member's claims are based on the same legal theories and arise from the same unlawful and reckless conduct.

Case No. 08 CH 10786                                                3006974 - ELS/MAA

**ANSWER:     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Class Action Complaint.**

28.     Plaintiff will fairly adequately represent the class members.  Plaintiff has no interests that conflict with the interests of the class members.  Plaintiff has retained experienced counsel.

**ANSWER:     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Class Action Complaint.**

29.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.  Individual actions are economically unfeasible and impractical.

**ANSWER:     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Class Action Complaint.**

## VIOLATION ALLEGED

30.     Defendants violated 15 U.S.C. §1681c(g)(1), which provides that:

**... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

**ANSWER:     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Class Action Complaint.**

31.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

**ANSWER:     This paragraph purports to recite FACTA, and defendant denies any characterization of the statue inconsistent with the language of the statute.**

Case No. 08 CH 10786                                          3006974 - ELS/MAA

32.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

**ANSWER:**    **This paragraph purports to recite FACTA, and defendant denies any characterization of the statue inconsistent with the language of the statute.**

33.    Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

**ANSWER:**    **Defendant admits that it accepts credit cards or debit cards and that it uses device to electronically print a receipt and denies all other allegations in this paragraph.**

34.    After the effective date of the FACTA, defendant, at the point of sale or transaction, Defendant provided plaintiff and each class member with one or more electronically printed receipts. On each of those receipts, Defendant failed to comply with the truncation requirement.

**ANSWER:**    **This paragraph purports to recites FACTA, and defendant denies any characterization of the statue inconsistent with the language of the statute. Defendant denies the remaining allegations in this paragraph.**

35.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:**    **This paragraph purports to recites FACTA, and defendant denies any characterization of the statue inconsistent with the language of the statute.**

36.    Defendant knew or should have known of the truncation requirement.

**ANSWER:**    **Defendant denies the allegations in Paragraph 36 of Plaintiff's Class Action Complaint.**

37.    VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discovery, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendant's need to comply with the same.

**ANSWER:    Defendant has insufficient knowledge in Paragraph 37 of Plaintiff's Class Action Complaint.**

38.    These requirements were widely publicized.

**ANSWER:    Defendant has insufficient knowledge in Paragraph 38 of Plaintiff's Class Action Complaint.**

39.    For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether…The first phase of this new policy goes into effect July 1, 2003 for all new terminals…" "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative to Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

**ANSWER:    Defendant has insufficient knowledge in Paragraph 39 of Plaintiff's Class Action Complaint.**

40.    Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 40 of Plaintiff's Class Action Complaint.**

41.    The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Class Action Complaint.**

42.    For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

43.    Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Class Action Complaint.**

44.    These requirements were widely publicized. The following are illustrative.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

45.     On July 9, 2003, L. Richard Fischer of VISA USA presented a written statement to the House Committee on Financial Services supporting the truncation requirements of what ultimately became FACTA.  Mr. Fischer stated:

> Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity.  For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number *or the expiration date* upon receipts provided to cardholders at the point of sale.

**ANSWER:     Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case.  To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

46.     The Office of Thrift Supervision of the Treasury Department ("OTS"), is responsible, *inter alia*, for compliance with FACTA by federal savings banks.  Toward this end, this OTS publishes an Examination Handbook for OTS field personnel to use when they perform an examination, or compliance audit, of a given financial institution.  The February 2006 edition of the Handbook states:

> ### Truncation of Credit and Debit Card Account Numbers
>
> Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

**ANSWER:     Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case.  To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

47.    Heartland Payment Systems, Inc. provides credit and debit card, payroll and related processing services to restaurant, hotel and retail merchants throughout the United States, and indicates on its websites that it provides services to over 137,000 merchants.  In 2003, Heartland broadly disseminated a pamphlet which included the following statement:

>    Your credit card terminal is now-or will soon be required by law or the bankcard associations to truncate-or limit-the information that can appear on electronically printed sales receipts.
>
>    What that means is that on all cardholder numbers:
>
>    o    The expiration date must be eliminated
>
>    o    Al but the last four numbers of the card number must be obscured…

**ANSWER:    Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

48.    In 2006, Heartland broadly disseminated a second pamphlet, which included the following statement:

>    **Make every transaction a safe one. \*\*\*\***
>
>    o    The cardholder's receipt ***should not include*** the card's expiration date and ***should only include*** the last 4 or 5 digits of the card number. **\*\*\*\***

**ANSWER:    Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

49.    Commerce Bank, another credit card processor, sent "Merchant Compliance Awareness" notices to its customers during 2004.  These stated that all but the last four digits of the cardholder account number and the entire expiration date had to be suppressed from the receipt.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

50.    Many restaurant and retail trade associations apprised their merchant members that FACTA imposed truncation requirements mirroring Visa's truncation requirements.  For example, the Virginia Retail Merchants Association reported in its February/March 2005 Newsletter that "FACTA says receipts for credit and debit card transactions may not include more than the last five digits of the card number or expiration date."

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

51.    In the April 23, 2003 edition of the monthly magazine for the National Association of Convenience Stores, an article titled "Vise USA Targets Identity Theft," appeared which included the following statement:

> [A]t a press conference held last month with Sen. Dianne Feinstein (D-CA), Visa announced its account truncation security policy.  This protects consumers from identity theft by limiting cardholders' information on receipts to the last four digits of their accounts.  The policy will also eliminate the card's expiration date from receipts altogether.  Feinstein has introduced legislation to combat identity theft.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

52.    The April 2005 edition of the Food Industry Advisor, the newsletter for the Pennsylvania Food Merchants Association and Pennsylvania Convenience Store Council,

included an article regarding the requirements of credit card truncation under FACTA which

included the following language:

> [A]ccording to the FACTA Act, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction…

The same article appeared in the April 2005 Edition of the NACS Magazine,

published by the National Association of Convenience Stores.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

53.    In its Spring 2004 Newsletter, the Connecticut Restaurant Association

Newsletter included an article regarding Requirements for Credit Card Truncation, which

stated:

> [T]here is currently no Connecticut state law, so the two ruling requirements come from VISA and a new Federal Fair Credit Reporting Act signed in December 2003.
>
> Truncation requires that all but the last four digits of the cardholder account number, along with the entire expiration date, be suppressed on the cardholder copy of the transaction receipt generated from all electronic terminals…

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

54.    After the enactment of FACTA, the Wisconsin Restaurant Association issued a

"Credit Card Transaction" Alert to its members, which stated:

> You may have been hearing about credit card truncation lately.  This is what you need to know.

Case No. 08 CH 10786                                3006974 - ELS/MAA

Credit card truncation removes all but the last four (or five) digits of a credit card account number ad the expiration date from the sales receipt. For example: A non-truncated receipt would list:

Acct. # 1234 5678 7654 3210 Exp. 10/05

While a truncated receipt would show:

Acct. # **** **** **** 3210 Exp ****….

The federal Fair and Accurate Credit Transaction Act of 2003, prohibits any person that accepts credit cards or debit cards from printing the expiration date and more than the last five digits of the card number upon any terminal-generated receipt provided to the cardholder at the point of sale…

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

55.    An article appeared in the January 2005 edition of the Massachusetts Restaurant Association Newsletter notifying Association members that both Visa and MasterCard require truncation of the entire expiration date and all but the last four digits of the cardholder account number.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

56.    Similar information was disseminated by the Ohio Restaurant Association, the Oklahoma Restaurant Association, and a significant number of other restaurant trade associations, and retail merchant trade associations.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

57.    An article was published in the March/April 2006 Edition of the Ohio Independent Automobile Dealers' Association Dealer News Magazine, entitled "What You Should Know about Credit and Debit Card Processing and the FACTA As about Card Truncation."  The article states:

> What is Card Truncation?  This federal law sets deadlines by which the receipt electronically printed from a credit card sale must be truncated-meaning, the receipt given to the customers shows no more than the last five digits of the customer's credit card number and does not show the expiration date.
>
> Business owners are responsible for merchant account compliance with the truncation regulations and must make sure their printed cardholder receipts do not contain expiration dates or full account numbers.
>
> This same article appeared in the March/April edition of the West Coast Independent Automobile Dealer News.

**ANSWER:    Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

58.    The Independent Insurance Agents & Brokers of America circulated a report to its members dated June 5, 2005 titled" "Overview of the Fair Credit Reporting Act, The Fair and Accurate Credit Transactions Act, and the Drivers Privacy Protection Act."  In relevant part, this publication stated:

> Under the FACT Act, businesses and others accepting credit and debit cards for payment may not print more than the last five digits of the card number nor may they print the expiration date upon any receipt provided to the cardholder at the point of sale.

**ANSWER:    Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

Case No. 08 CH 10786                                    3006974 - ELS/MAA

59.    The November 18, 2004 edition of the Compliance Challenge, published by

the Credit Union National Association News, stated:  "FACTA prohibits anyone that accepts

credit/debit cards to print more than the last 5 digits of the card number or expiration date on

any receipt at the point of sale or transaction…

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

59.    In the October 10, 2003, edition of the PT Bulletin, a Newsletter for the

American Physical Therapy Association, an article appeared titled, "Truncation Requirement

Now in Effect for Credit Card Processing."  In relevant part, this article stated:

> Physical therapists who accept credit card payments from patients and clients face new processing requirements from major credit card companies.  In an effort to minimize opportunities for credit card fraud, Visa and MasterCard…have mandated that credit card account numbers and expiration dates be marked on all receipts.  Compliance with this requirement is not optional…

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

60.    Truncation standards, including the standards reflected in the Visa Merchant

Rules and in FACTA, permit the publication of the last four or five digits of customer account

numbers on the receipt presented to customers at the point of sale.  The publication of this

minimal amount of account information is necessary to facilitate merchant account

reconciliation, processing of returns, etc.  In isolation, the publication of **only** the last four or

five digits of a customer account number significantly limits the extent to which a potential

identity theft can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 60 of Plaintiff's Class Action Complaint, and therefore denies the same.**

61.    Publishing or making known expiration dates on customer receipts disseminated at the point of sale, with the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the palpable reason that Visa, and then Congress, requires the truncation of expiration dates.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 61 of Plaintiff's Class Action Complaint, and therefore denies the same.**

62.    Credit and debit card account numbers are not randomly generated.  Instead, account numbers reflect an internal coding scheme set forth by the International Organization for Standardization ("ISO") 7812, which defines the content in the cards' magnetic strips. Consistent with this standard, every credit number consists of the following:  (a) a single digit Major Industry Identifier ("MIT"); (b) an issuer identification number ("IIN"); (c) an number unique to the card; and (d) a check digit.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 62 of Plaintiff's Class Action Complaint, and therefore denies the same.**

63.    The MII identifies the industry of the issuer of the card.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 63 of Plaintiff's Class Action Complaint.**

64.    The IIN consists of the first six digits of the card number and identifies the specific issuer of the card.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 64 of Plaintiff's Class Action Complaint.**

65.    The seventh through next to the last digit, up to a maximum of 12 digits, are the numbers unique to the card.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 65 of Plaintiff's Class Action Complaint.**

66.    The last digit is a "check digit" that is not randomly assigned, but instead is calculated by a defined algorithm.  Therefore, the "check digit" is derivative of the other numbers in the credit card number.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Class Action Complaint.**

69.    Astute identity thieves are familiar with this coding paradigm and can use sophisticated mathematical modeling to decipher account numbers.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 69 of Plaintiff's Class Action Complaint.**

70.    Because an identity thief is able to decipher a credit card user's account number, the importance of truncating expiration dates becomes manifest.  That is, unlike the account number on the credit or debit card, the expiration date cannot be deciphered through sophisticated mathematical modeling.  Therefore, the expiration date is an important security check that corroborates that a person attempting to use a given account number is actually the authorized use of the card.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

69.    Expiration dates are also used to confirm that a person making a purchase over the phone or on the internet possesses the card.

**ANSWER:**    **Defendant moves to strike the allegations in this paragraph on grounds that they are not relevant to any of the factual or legal issues in the case. To the extent that a response may be required, defendant has insufficient knowledge to form a belief as to the truth or falsity of these allegations, and therefore denies the same.**

70.     Banks and credit card associates (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 70 of Plaintiff's Class Action Complaint.**

71.     An identity thief who steals a receipt containing the last four or five digits of a credit card account number ***and*** an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder.  The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

**ANSWER:**    **In regard to the first sentence in this paragraph, Defendant has insufficient knowledge.  In regard to the second sentence of this paragraph Defendant denies these allegations.**

72.     The FTC issued rules governing interpretation of the statute, including:

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information.  You may include no more than the last five digits of the card number, and you must delete the card's expiration date.  For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

> **ACCT: **********12345**
> **EXP: ******

See Bureau of Consumer Protection, Federal Trade Commission, *Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts* (May 2007).

**ANSWER:**    **Defendant has insufficient knowledge in Paragraph 72 of Plaintiff's Class Action Complaint.**

73.    The cost of truncating credit and/or expiration dates and account numbers is minimal.

**ANSWER:    Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Class Action Complaint.**

74.    Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.  Defendant could have readily done the same.

**ANSWER:    Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Class Action Complaint.**

75.    FACTA creates a statutory right of privacy.

**ANSWER:    Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Class Action Complaint.**

76.    Defendant made known to its staff and possibly others Plaintiff's private credit card information, violating Plaintiff's right of privacy.  Stated differently, by publishing Plaintiff's private credit card information to Defendant's staff and possibly others, Defendant violated Plaintiff's right of privacy.  Defendant similarly violated the privacy rights of the other class members.

**ANSWER:    Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Class Action Complaint.**

77.    Defendant recklessly disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

**ANSWER:    Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Class Action Complaint.**

78.    Therefore, Defendant is liable to Plaintiff and the other class members for,

Case No. 08 CH 10786                                            3006974 - ELS/MAA

among other things, "any actual damages sustained by the consumer as a result of the failure

or damages of not less than $100 and not more than $1,000." 15 U.S.C.§ 1681n(A).

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 78 of Plaintiff's**
             **Class Action Complaint.**

**WHEREFORE**, Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC.

respectfully requests that the court enter judgment in favor of Defendant and against the

Plaintiff and any class members, with costs.


**DEFENDANT REQUESTS A TRIAL BY JURY.**


**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, BACCI CAFÉ & PIZZERIA ON OGDEN, INC. alleges as

follows:

**First Affirmative Defense**
**(Failure to State a Cause of Action)**

The Complaint fails to state facts sufficient to constitute a cause of action upon which

relief may be granted and fails to state facts sufficient to entitle Plaintiff and the putative class

to the relief sought or to any relief from BACCI CAFÉ & PIZZERIA ON OGDEN, INC.

**Second Affirmative Defense**
**(Lack of Standing)**

Plaintiff lacks standing to assert the claims alleged in Plaintiff's Complaint because,

among other reasons, Plaintiff has not been harmed by the conduct at issue, and Congress

intended to limit enforcement of the FACTA truncation requirements to the FTC under such

circumstances.

**Third Affirmative Defense**
**(Estoppel and Waiver)**

Each and every cause of action in Plaintiff's Complaint is barred by the doctrines of

estoppel and waiver.

**Fourth Affirmative Defense**
**(Doctrine of Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

BACCI CAFÉ & PIZZERIA ON OGDEN, INC. avers that Plaintiff brought this action, not

because of any actual harm she suffered, but in hope of receiving a windfall.

**Fifth Affirmative Defense**
**(Proximate Cause)**

BACCI CAFÉ & PIZZERIA ON OGDEN, INC.'s conduct was not the proximate cause

of any damage or harm to Plaintiff, since Plaintiff has suffered no such damage or harm.

**Sixth Affirmative Defense**
**(Speculative Damages)**

Plaintiff's damages, if any, are speculative, since Plaintiff has not alleged any actual

harm.

**Seventh Affirmative Defense**
**(Excessive Damages Violate Due Process)**

Any award of statutory damages, punitive damages, attorneys' fees and/or costs would

be grossly disproportionate to any actual injury sustained by Plaintiff or any class member

and would violate BACCI CAFÉ & PIZZERIA ON OGDEN, INC.'s Due Process rights under

the United States Constitution.

### Eighth Affirmative Defense
### (Third-Party At Fault)

Any losses incurred by Plaintiff, and any damages she allegedly sustained, were caused in whole or in part by persons other than BACCI CAFÉ & PIZZERIA ON OGDEN, INC. and BACCI CAFÉ & PIZZERIA ON OGDEN, INC. is not liable for any damages caused by others.

### Ninth Affirmative Defense
### (Violates First Amendment Rights)

Enforcing Plaintiff's interpretation of 15 U.S.C. § 1681(c)(g) would interfere with BACCI CAFÉ & PIZZERIA ON OGDEN, INC.'s First Amendment right to free speech under the United States Constitution by unnecessarily impeding its ability to confirm to its customers that the transaction had been appropriately charged.

### Tenth Affirmative Defense
### (Statute Unconstitutional)

Alternatively, if Plaintiff's interpretation of 15 U.S.C. § 1681(c)(g) is adopted, the means that Congress chose to address identify theft exceeded the governmental interest asserted, and prohibiting the printing of a card expiration date is a more extensive prohibition than is necessary to serve the governmental interest.  If 15 U.S.C. § 1681(c)(g) prohibits printing a card expiration date on a receipt delivered to a consumer which displays only the last four or five digits of the consumer's cad, then the statute is unconstitutional under the First Amendment to the United States Constitution.

### Eleventh Affirmative Defense
### (Unjust Enrichment)

The Complaint is barred and/or recovery is limited by the equitable doctrine of unjust enrichment.

Case No. 08 CH 10786                                                      3006974 - ELS/MAA

## Twelfth Affirmative Defense
## (Right to Assert Additional Defenses)

Defendant reserves the right to seek leave to amend this Answer and its Affirmative

Defenses to set forth additional defenses based on its ongoing investigation and discovery into

the matters alleged in the Complaint.

Respectfully Submitted By:

/s/ Darren P. Grady
Attorneys for Defendant,
BACCI CAFÉ & PIZZERIA
ON OGDEN, INC.

Eric L. Samore, ARDC 6181345
Molly A. Arranz, ARDC 6281122
Darren P. Grady ARDC 6289608
SMITH AMUNDSEN, L.L.C
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Case No. 08 CH 10786                                          3006974 - ELS/MAA

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 7 day of May, 2008, he served Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC.'s **Answer and Affirmative Defenses to Plaintiff's Class Action Complaint** on:

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Ryan M. Kelly | Bock & Hatch LLC |
| Anderson & Wanca | 134 N. LaSalle Street, Suite 1000 |
| 3701 Algonquin Road, Suite 760 | Chicago, IL 60602 |
| Rolling Meadows, IL 60008 | |

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.
May 7, 2008.

/s/ Darren P. Grady _____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR BACCI CAFÉ & PIZZERIA ON OGDEN, INC.