**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER D. SHURLAND, )<br>individually and as the representative of a )<br>class of similarly-situated persons, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BACCI CAFÉ & PIZZERIA ON ODGEN, )<br>INC. and DOES 1 – 10, )<br>)<br>Defendants. ) | No. 08 CV 2259<br><br>Judge Pallmeyer |

## **PLAINTIFF'S RULE 26(c) MOTION FOR PROTECTIVE ORDER**

Plaintiff, CHRISTOPHER D. SHURLAND, through his attorneys, Anderson + Wanca, comes now pursuant to Fed. R. Civ. P. 26(c), and asks this Court to enter a protective order that certain discovery not be had. In support thereof, Plaintiff states the following:

1. In a discovery deposition, Plaintiff Christopher D. Shurland disclosed that he had been referred to his attorneys by his employer, attorney David M. Jenkins.

2. Attorney David M. Jenkins is a partner in the law firm, Barone & Jenkins, located in Oakbrook Terrace, Illinois. Mr. Jenkins is not a party to this lawsuit, nor is he a potential member of the class of persons similarly-situated to Plaintiff.

3. There is no evidence of any referral fees or arrangements to David Jenkins or Barone & Jenkins respecting this case, and, in fact, there are none.

4. Defendant has since filed supplemental interrogatories and requests for records production to Plaintiff's attorneys, Anderson + Wanca, seeking the identification of any and all other case referrals by Barone & Jenkins to Anderson + Wanca. A copy of the supplemental

interrogatories is attached hereto as Exhibit A, and a copy of the request for records is attached as Exhibit B.

5. Defendant has also served a subpoena for deposition upon attorney David Jenkins and a subpoena for deposition and records upon the law firm of Barone & Jenkins requesting the identification of all case referrals by Barone & Jenkins to Anderson + Wanca, as well as all non-privileged correspondence and documents respecting those referrals. The subpoenas are attached respectively as Exhibits C and D.

6. These discovery efforts are not seeking material relevant to this case but instead seek material on totally unrelated matters. The fact that the Plaintiff is employed by the referring attorney does not make those other matters relevant to this lawsuit. Instead, this irrelevant discovery serves to oppress the referring law firm, embarrass clients in unrelated matters, undermine relations between the referring law firm and those it has referred, and discourage future referrals to Plaintiff's attorneys.

7. Plaintiff's attorney, Gerald E. Nora, contacted defense counsel, Eric Samore, by e-mail and telephone on January 15, 2009 to discuss this matter. In an afternoon telephone conference, he requested Mr. Samore to withdraw this discovery. Mr. Samore refused, indicating that there is case authority supporting his claim that this discovery is aimed at relevant material. Mr. Nora requested the case authority which Mr. Samore believes makes this discovery effort relevant, and Mr. Samore indicated he would send it. As of the filing of this Motion, Mr. Nora has not received Mr. Samore's authority. The only information Mr. Nora was able to obtain respecting this authority is Mr. Samore's statement that Cook County Circuit Court Judge Patrick McGann has refused to certify a class action in a case pending in his courtroom because of an improper relationship between an attorney plaintiff and plaintiff's

2

counsel. In this case, the only relationship between the attorney plaintiff Christopher Shurland has with the law firm Anderson + Wanca is that of client.

8. During the same conversation, Mr. Samore proposed withdrawing his subpoena for Mr. Jenkins's deposition provided that Mr. Nora agreed to provide the other written discovery respecting case referrals. Mr. Nora reiterated his objection to the entire inquiry, and Mr. Samore suggested that Mr. Nora should then proceed with this type of motion.

9. Based upon these good faith consultations, Plaintiff submits that this matter cannot be resolved without an order from this Court.

WHEREFORE, the Plaintiff, CHRISTOPHER SHURLAND, through his attorneys, Anderson + Wanca, respectfully asks this Court to quash the attached interrogatories, notice to produce, subpoenas for deposition and records, and to order that no discovery be had thereunder.

Respectfully submitted,

s/Gerald E. Nora
Gerald E. Nora

Brian J. Wanca
Gerald E. Nora
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 15, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                  s/Gerald E. Nora
                                                  Gerald E. Nora

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| ANDERSON + WANCA | DIAB & BOCK, LLC |
| 3701 Algonquin Road, Suite 760 | 134 N. LaSalle Street, Suite 1000 |
| Rolling Meadows, IL 60008 | Chicago, IL 60602 |
| Telephone: 847/368-1500 | Telephone: 312/578-0767 |