**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> BACCI CAFÉ & PIZZERIA ON OGDEN, INC. and DOES 1-10, <br><br> Defendant. | ) ) ) ) ) No. 08 CV 2259 ) ) Judge Pallmeyer ) ) ) ) ) ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COMES plaintiff Christopher D. Shurland ("Plaintiff"), pursuant to Fed.R.Civ.P 23(a), 23(b)(3), and 23(g), and requests that the Court certify a class.

To achieve class certification, the plaintiff must demonstrate that Rule 23(a)'s four prerequisites are satisfied: (1) that the proposed class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims of the representative party are typical of the claims of the class; and (4) that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). This case satisfies all those factors.

**A.     Proposed Class Definition.**

Plaintiff proposes the following class definition:

> All persons to whom Defendant provided an electronically-printed receipt at the point of a sale or transaction from

December 5, 2006 through November 2007 displaying more than the last five digits of the purchaser's credit card or debit card number.

**B.**     **Numerosity.**

To satisfy the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "When the class is large, numbers alone are dispositive...." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Where the class numbers at least 40, joinder is generally considered impracticable. *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) (Castillo, J.). Here, 6,359 alleged FACTA violations are at issue. The numerosity requirement is satisfied.

**C.**     **Commonality.**

Rule 23(a)'s second requirement is "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This "commonality" requirement is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

Here, Defendant engaged in standardized conduct involving a common nucleus of operative facts. The case involves common fact questions about Defendant's alleged FACTA violations and common legal questions under FACTA, such as:

1.     Whether Defendant's sales or transaction receipts violated FACTA;

2.     When Defendant put its machines or hard drives in service;

3.     Whether Defendant's acts or omissions were "willful" (i.e. knowing or reckless) under FACTA; and

4.     What amount of statutory damages the Court should award to

class members.

Therefore, Rule 23(a)(2)'s "commonality" requirement is satisfied.

**D.    Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In this case, typicality is inherent in the class definition because each class member, including Plaintiff, was subjected to the same conduct. Each class member's claim is based on the same legal theory as Plaintiff's. Rule 23(a)(3)'s "typicality" requirement is satisfied.

**E.    Adequacy of Representation.**

**1.    Rule 23(a)(4) Adequacy Requirement**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The burden of showing sufficient interest is relatively modest." *Redmon*, 2008 WL 656075 at *4.

Here, Plaintiff understands the obligations of a class representative, the nature of the claims, is involved in the litigation, and has an interest in representing the class and enforcing FACTA. Plaintiff and the other class

members all seek statutory damages under the FCRA. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests. There is no antagonism between the interests of Plaintiff and those of the other class members, which is the key factor to determine whether a plaintiff is an adequate representative. Therefore, Rule 23(a)(4)'s "adequacy" requirement is satisfied.

### 2. Rule 23(g) Class Counsel Adequacy Requirement.

Class counsel's adequacy is determined by four factors: (i) the work counsel has done in identifying or investigating potential claims; (ii) counsel's experience in handling class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class. They have been appointed as lead or co-lead counsel in many contested class actions and have recovered substantial monies for their clients and the class members.

### F. <u>Predominance</u>.

Rule 23(b)(3) requires that Plaintiff show that common questions of law or fact predominate over any individual questions. For the reasons discussed above regarding commonality and typicality, there is no reason to believe that any individual question will predominate over the common questions in this litigation. Common legal issues predominate because the class members' claims arise under the same federal statute, FCRA and its concomitant FACTA

amendments.  Common fact issues predominate because the class members'
claims are focused on Defendant's conduct of providing non-compliant receipts
to Plaintiff and thousands of other customers from December 5, 2006 to
November 2007.

**G.    Superiority.**

Finally, Fed. R. Civ. P. 23(b)(3) requires that a class action be the
superior method of adjudicating the claims at issue.  The court determines the
best available method for resolving the controversy in keeping with judicial
integrity, convenience, and economy.  *Scholes v. Stone, McGuire & Benjamin*,
143 F.R.D. 181, 189 (N.D.Ill. 1992).  It is proper for a court, in deciding the
"best" available method, to consider the "[i]nability of the poor or uninformed to
enforce their rights, and the improbability that large numbers of class
members would possess the initiative to litigate individually."  *Haynes v. Logan
Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

Here, allowing the case to proceed as a class action will be an efficient
use of judicial resources and will be superior to individual lawsuits.  Therefore,
Rule 23(b)(3)'s "superiority" requirement is satisfied.

Plaintiff has submitted a Memorandum of Law in support of this
motion.

WHEREFORE, because the proposed class meets the requirements of
Rules 23(a), (b)(3), and (g), Plaintiff requests that the Court (a) certify the class,
(b) appoint Plaintiff as the class representative, and (c) appoint Plaintiff's
attorneys as class counsel.

February 26, 2009.                    Respectfully submitted,


                                      /s  Phillip A. Bock
                                      One of Plaintiff's attorneys

Brian J. Wanca                        Phillip A. Bock
Ryan M. Kelly                         Tod A. Lewis
ANDERSON + WANCA                      BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760        134 N. La Salle St., Suite 1000
Rolling Meadows, IL  60008            Chicago, IL  60602
Telephone:  847/368-1500              Telephone:  312/658-5500