08 CV 2259    3006974-ELS/DPG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BACCI CAFÉ & PIZZERIA ON ODGEN, INC. and DOES 1 – 10,<br><br>Defendant. | No. 08 CV 2259<br><br>Judge Pallmeyer |

## DEFENDANT BACCI CAFÉ & PIZZERIA'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR DEFENDANT'S ADMISSIONS

**NOW COMES** the Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC., by and through its attorneys, SMITHAMUNDSEN LLC, and for its Response to Plaintiff's First Request for Defendant's Admissions, states as follows:

### STATEMENTS OF FACT TO BE ADMITTED OR DENIED

1. Defendant is a person that accepts credit cards or debit cards for the transactions of business.

**RESPONSE:** This Defendant admits the statement set forth in Paragraph 1 of Plaintiff's First Request for Admissions.

2. Defendant has provided to more than 40 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE:** Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's

reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

3. Defendant has provided to more than 40 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed the expiration date of the person's credit card or debit card.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

4. Defendant has provided to more than 100 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's

reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

5. Defendant has provided to more than 100 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed the expiration date of the person's credit card or debit card.

RESPONSE: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

6. Defendant has provided to more than 1,000 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed more than the last five (5) digits of the person's credit card or debit card number.

RESPONSE: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's

reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

7. Defendant has provided to more than 1,000 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed the expiration date of the person's credit card or debit card.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

8. Defendant has provided to more than 5,000 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's

reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

9. Defendant has provided to more than 5,000 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed the expiration date of the person's credit card or debit card.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

10. Defendant has provided to more than 10,000 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed more than the last five (5) digits of the person's credit card or debit card number.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's

reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

11. Defendant has provided to more than 10,000 persons an electronically printed receipt at the point of sale or transaction, in a transaction after December 4, 2006 which receipt displayed the expiration date of the person's credit card or debit card.

**RESPONSE**: Defendant states that it lacks information or knowledge to admit or deny this Request. Defendant has made a reasonable inquiry into information known and readily obtainable and cannot admit or deny this Request for Admission. Defendant's reasonable inquiry into information known and readily obtainable includes: review of Defendant's business records, including any receipts in Defendant's possession, investigation into the existence of any receipts that may have been produced during the above time period that include more than the last 5 digits of a credit or debit card number or the card's expiration date. However, Defendant has not been able to locate any specific documents either confirming or denying the existence or provision of such receipts, and, in addition, Defendant has not had the opportunity to depose Plaintiff, or any other individual, regarding the circumstances of the alleged transaction(s) at the Defendant's place of business. Defendant has not had the opportunity to question or depose individuals from the credit card processing company National Translink. Defendant is not in possession of copies of electronically printed credit card receipts and thus cannot state how many were printed and what information was contained on the receipts for the above time period. Investigation continuing.

12. Your machine(s) was brought into use before January 1, 2005.

**RESPONSE**: Defendant is unable to answer the above Request to Admit because the term "machine" is not defined.

13. You brought your machine(s) into use before January 1, 2005.

**RESPONSE**: Defendant is unable to answer the above Request to Admit because

the term "machine" is not defined.

14. Your machine(s) was brought into use on or after January 1, 2005.

**RESPONSE: Defendant is unable to answer the above Request to Admit because the term "machine" is not defined.**

15. You brought your machine(s) into use on or after January 1, 2005.

**RESPONSE: Defendant is unable to answer the above Request to Admit because the term "machine" is not defined.**

16. You learned of the truncation requirements under FACTA before you were served by this suit.

**RESPONSE: This Defendant admits the statement set forth in paragraph 16 of Plaintiff's First Request for Admissions.**

17. You learned of the truncation requirements under FACTA before December 4, 2006.

**RESPONSE: This Defendant denies the statements set forth in paragraph 17 of Plaintiff's First Request for Admissions.**

18. You learned of the truncation requirements under FACTA before January 1, 2005.

**RESPONSE: This Defendant denies the statements set forth in paragraph 18 of Plaintiff's First Request for Admissions.**

Respectfully Submitted By:

_____
Attorneys for Defendant,
BACCI CAFÉ & PIZZERIA
ON OGDEN, INC.

7

Eric L. Samore, ARDC 6181345
Darren P. Grady ARDC 6289608
SMITH AMUNDSEN, L.L.C
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

8