Case No. 08 CV 2259                                        3006974 ELS/MAA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08 CV 2259 |
| BACCI CAFÉ & PIZZERIA ON OGDEN INC., and DOES 1-10, | ) ) ) | Judge Pallmeyer |
| Defendants. | ) ) | Mag. Judge Brown |
| BACCI CAFÉ & PIZZERIA ON OGDEN INC., | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| NATIONAL TRANSLINK CORP. | ) ) | |
| Third-Party Defendant. Third-Party Defendant. | ) ) | |

## DEFENDANT, BACCI CAFÉ & PIZZERIA ON OGDEN, INC.'S, LOCAL RULE 56.1(a)(2) MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56

**NOW COMES** Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Erin A. Walsh of SmithAmundsen LLC, and moves this Court for summary judgment in its favor, pursuant to Federal Rule of Civil Procedure 56, by submitting this Memorandum of Law in Support of the Motion for Summary Judgment. In support, Defendant states as follows:

Case No. 08 CV 2259                                                3006974 ELS/MAA

## I.      BACKGROUND FACTS OF THE CASE.

Bacci Café & Pizzeria ("Bacci") is a small, family-owned company and restaurant. (Undisputed Facts ¶ 31.) Plaintiff alleges that Bacci recklessly violated the Fair and Accurate Transactions Act of 2003 ("FACTA") by providing credit or debit card receipts at the point of sale or transaction that contained more than the last five digits of the card number. (*Id.*, ¶¶ 1, 6.) Specifically, Plaintiff alleges that on August 11, 2007, after FACTA's final truncation requirement went into effect, he received from Bacci a receipt displaying his entire credit card number and expiration date. (*Id.*, ¶ 7.)

In May 2004, Bacci obtained one Hypercom T7P, a credit card terminal, for use in its restaurant in Berwyn, Illinois. (*Id.*, ¶ 9.) To use the machine, Bacci contracted with a processing company, National Translink Corp., for activation and processing for the terminal. (*Id.*, ¶ 10.) One provision in this contract was known as the "Merchant Club," which provided that via Bacci's membership, it could get service on its machine or a replacement terminal from National Translink. (*Id.*, ¶ 15.) National Translink provided customer service and technical support for its customers. (*Id.*, ¶¶ 11-14.)

Starting in early 2005, National Translink made efforts to notify its customers about FACTA requirements as to truncation. (*See id.*, ¶¶ 16-24.) National Translink generated a notice for its customers' billing statements; it compiled a list of businesses that the company believed "may be subject to truncation issues" in order to call certain customers; and, particularly, one customer service representative, Douglas Porch, made handwritten notes regarding his communications with a processing center, Card Systems, to arrange for the preparation of software for download at the Bacci restaurant for truncating in April and July 2006. (*Id.*, ¶¶ 16, 18, 22-24.) ***However***, National Translink cannot verify that it ever contacted

Case No. 08 CV 2259                                                3006974 ELS/MAA

Bacci regarding this issue of truncation.  (*Id.*, ¶¶ 17, 19, 20, 24)(emphasis added.)  Mr. Porch has testified that there were "people [National Translink] could not get a hold of."  (*Id.*, ¶ 20.) Indeed, Bacci's name is not crossed off the list of contacts.  (*Id.*, ¶¶ 18-19.)  Mr. Porch had no recollection of having had conversations with Bacci regarding truncating of credit card numbers. (*Id.*, ¶ 20.)  Similarly, no employee of Bacci recalled receiving any notification of the need to truncate credit card numbers on customer credit card receipts prior to October 2007.  (*Id.* ¶ 30.)

However, in the business records for National Translink, there is a customer database entry for July 14, 2006, showing that National Translink informed Bacci that it would be sending "a replacement terminal" to Bacci due to a problem with sticky buttons.  (*Id.*, ¶¶ 25-26.) National Translink "program[med] [a] new terminal and sent" it to Bacci.  (*Id.*, ¶ 26.)  Before sending Bacci a new credit card terminal, National Translink's technical support coordinated with Card Systems for files to be placed on the new terminal for Bacci.  (*Id.*, ¶ 26, 28)  The files included "truncation information."  (*Id.*)  The machine was meant to work with the truncation software uploaded so the customer simply had to take the terminal out of the box and plug it in; it could then "do sales."  (*Id.*, ¶ 28.)

Sometime in October 2007, a female patron of the restaurant alerted one of Bacci's employees about the fact that too many credit card numbers were printed on the credit card receipt.  (*Id.*, ¶ 30.)  Immediately after learning about this problem, Bacci truncated the customer receipts by manually crossing out the numbers.  (*Id.*, ¶ 34.)

## II.      STANDARD FOR SUMMARY JUDGMENT.

Summary judgment is proper where there is no showing of a genuine issue of material fact and where the moving party is entitled to judgment as a matter of law.  *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)(citing FED. R. CIV. P. 56(c)).  "'A genuine issue of

Case No. 08 CV 2259                                                3006974 ELS/MAA

material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Id.* (citations omitted.) Under this standard, "'[the Court's] favor toward the nonmoving party does not relieve [the nonmoving party] of the obligation to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* at 483-84. Indeed, the burden for the movant can be satisfied by "'pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.'" *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1081 (C.D. Ill. 2007). If this showing is made, the burden shifts to the non-movant to set forth specific facts showing there is a genuine issue for trial. *Id.*

"Disputed facts are material only if they might affect the outcome of the suit." *Cox*, 503 F. Supp. 2d at 1082. Speculation may not be used to manufacture a genuine issue of fact, and the "'mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment.'" *Id.*; *Springer*, 518 F.3d at 484. "[S]ummary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Springer*, 518 F.3d at 484.

III.  **PLAINTIFF DOES NOT HAVE A CAUSE OF ACTION PURSUANT TO FACTA BECAUSE THE FACTS OF THE CASE SHOW NO WILLFUL VIOLATION OF THE STATUTE BY DEFENDANT.**

Summary judgment for Bacci is proper because the undisputed facts show that Mr. Shurland does not have a cause of action against Bacci as pled in the complaint. Mr. Shurland seeks statutory damages—as opposed to actual damages—for the Defendant's purported reckless failure to comply with FACTA. (Undisputed Facts ¶¶ 6-7.) To establish a right to recovery, Plaintiff must show at trial: that Bacci had been non-compliant with § 1681c(g) by printing a receipt for a credit card that contained more than the last five digits of the card number; that the non-compliance was willful; and, that the class member was a "consumer." *Stillmock v. Weis*

Case No. 08 CV 2259                                          3006974 ELS/MAA

*Mkts., Inc.*, Case No. 07-1342, 2009 U.S. Dist. LEXIS 17054, *10-11 (D. Md. Mar. 4, 2009).  Of

particular import, here, Plaintiff must show the element of a willful violation of FACTA.  *Kubas*

*v. Std. Parking Corp. IL*, 594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009)(citing 15 U.S.C. §§

1681c(g), 1681n(a)).  The willfulness requirement of Section 1681n is defined to include both

knowing and reckless conduct. *Id.* (citing *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S.

Ct. 2201, 2208-2209, 167 L. Ed. 2d 1045 (2007)).  But, here, there has been no willful violation

of FACTA by Bacci; instead, there is undisputed evidence that Bacci had no knowledge or notice

of truncation requirements and, crucially, there was an intervening event of a replacement credit

card terminal being provided to Bacci for use at its restaurant prior to the effective date of

FACTA.  (Undisputed Facts ¶¶ 26-29.)  The uncontested facts show that Bacci cannot be held

liable to Mr. Shurland under FACTA because as of December 2006, Bacci was unable to violate

the statute recklessly or willfully.  Therefore, summary judgment is proper.

##### A.    IF A PLAINTIFF IS SEEKING STATUTORY DAMAGES UNDER FACTA, HE MUST SHOW A WILLFUL VIOLATION OF THE STATUTE.

"'[W]illfulness' is…a prerequisite to the awarding of statutory, as opposed to actual

damages" in a FACTA lawsuit.  *Kubas*, 594 F. Supp. 2d at 1032.  To show a willful violation of

FACTA, the merchant must have knowingly violated FACTA or recklessly disregarded the

provisions of the statute.  "'[W]illfully' is a 'word of many meanings whose construction is often

dependent on the context in which it appears,'… [but] where willfulness is a statutory condition

of civil liability, [the federal courts] have generally taken it to cover not only knowing violations

of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S.

Ct. 2201, 2208-2209 (2007)(citations omitted.)  To be reckless, Defendant's action must have

entailed "an unjustifiably high risk of harm that is either known or so obvious that it should be

known." *Id.* at 2215.  A company does not act in reckless disregard unless its action is not only a

violation of the statute's terms but there is a showing that the company ran a risk of violating the law ***substantially greater*** than the risk associated with merely acting carelessly. *Id.* (emphasis added.) "Willfulness does not extend to inadvertent errors or technical mistakes." *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 85 (4th Cir. 2009). Stated another way, a "willful violation" is when the purported wrongdoer understands the requirements of the law, but knowingly fails to follow them or is recklessly indifferent to them. *Id.* (citing *Perri v. Dep't of the Treasury*, 637 F.2d 1332, 1336 (9th Cir. 1981)).

As a matter of law, if Bacci did not willfully violate FACTA, it cannot be held liable to Mr. Shurland for statutory damages. *See e.g., Kubas*, 594 F. Supp. 2d at 1032; *Barbieri v. Redstone Am. Grill, Inc.*, 2009 U.S. Dist. LEXIS 9309, *22 (N.D. Ill. Feb. 6, 2009)(plaintiff's claim for a willful violation of FACTA is precluded if there are no genuine issues of material fact to show entitlement to recovery); *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1172 (D. Kan. 2008)("a valid ground upon which [Defendant] can successfully avoid liability" is if the willfulness inquiry is determined as a matter of law.) No reasonable jury could find that Bacci's conduct created a risk of violation of FACTA that is substantially greater than that which is necessary to make its conduct negligent. *See Safeco*, 127 S. Ct. at 2215. Therefore, summary judgment is proper.

### B.    THE UNDISPUTED FACTS SHOW THAT BACCI DID NOT WILLFULLY VIOLATE FACTA, SUCH THAT MR. SHURLAND HAS NO CLAIM AGAINST BACCI.

It is uncontested that Plaintiff seeks only statutory damages, as opposed to actual damages, for receiving a receipt from Bacci that displayed the entire credit card number for his credit card. (Undisputed Facts ¶¶ 1, 6-7.) To succeed on this individual claim, at trial, Mr. Shurland will need to present evidence that Bacci, the merchant, knowingly violated FACTA or recklessly disregarded the provisions of the statute. *See Safeco Ins. Co. of Am.*, 551 U.S. at 57.

Case No. 08 CV 2259                                                                3006974 ELS/MAA

However, the undisputed facts of this case demonstrate, unequivocally, that no jury could find Bacci violated FACTA, starting in December 2006, willfully or recklessly. Not only is there no evidence that Bacci's employees ever received notification or knowledge from the credit card companies or National Translink but there is also no evidence that National Tranlink ever contacted Bacci regarding the truncation requirement. (*See* Undisputed Facts ¶¶ 17, 19, 20, 24.) Moreover, and critically, Bacci received a wholly different credit card terminal from National Translink, five months before Bacci was subject to FACTA, which National Translink believed contained truncation software and which Bacci thought would be in compliance with all applicable laws. (*Id.*, ¶¶ 26-29.) There is no evidence of a conscious disregard of the law or reckless disregard of rights. Therefore, summary judgment for Bacci is appropriate.

There can be no material dispute that when Bacci provided Mr. Shurland with a receipt, on August 11, 2007, that displayed his credit card number, Bacci could not have willfully violated FACTA. On July 14, 2006, National Translink programmed and sent a replacement terminal to Bacci, and this machine was intended to include "truncation information." (Undisputed Facts ¶¶ 26-28.) Prior to that replacement terminal being provided, there had been no contact between National Translink and Bacci regarding truncation requirements. (*See id.*, ¶¶ 16-24, 30.) In early 2005, National Translink generated a notice for its customers regarding the need to have their credit card terminals "properly programmed," but National Translink could not verify that every customer received this notice. (*Id.*, ¶¶ 16-17.) Then, National Translink compiled a list of approximately 200 businesses that the company believed "may be subject to truncation issues" in order to call these particular customers, and Bacci was one of the companies included on that listing. (*Id.*, ¶ 18.) Yet again, no representative of National Translink could verify that Bacci was, in fact, contacted regarding truncation issues. (*Id.*, ¶ 19.) Instead, this

listing does not show any notation of contact, as Bacci's name is not crossed off.  (*Id.*)  Further, even though one of National Translink's customer service representatives printed computer files—MCMTERS—for potential contact with Bacci, he had no specific recollection of having spoken to anyone at Bacci regarding the need for truncation.  (*Id.*, ¶¶ 21-24.)

Prior to October 2007, no Bacci employee had any knowledge about the truncation requirements.  (Undisputed Facts ¶ 30.)  The employees of Bacci had not read anything in business journals, commercial journals, business association publications, or in material received from Visa, MasterCard or National Translink regarding this need to truncate prior to a customer letting them know about this credit card number issue in October 2007.  (*Id.*, ¶¶ 31-32.)  No one at Bacci had any conversations with anyone from National Translink regarding the need to truncate prior to October 2007.  (*Id.*, ¶ 32.)  Moreover, when Bacci started using the replacement credit card terminal in July 2006, Bacci's owner believed that this machine would have met all legal and regulatory requirements governing the use of credit card terminals.  (*Id.*, ¶ 29.)  If Bacci "would have known [lack of truncation] was a problem," it would have rectified this problem prior to finding out about the problem from a patron.  (*See id.*, ¶ 33.)  In fact, when alerted to this problem in October 2007, Bacci took immediate action and truncated its customers' receipts.  (*Id.*, ¶ 34.)

The undisputed facts show that not only did Bacci not receive any notification regarding FACTA's requirement of truncation but that Bacci received a credit card terminal from National Translink five months prior to the effective date of FACTA that should have been FACTA complaint.  (*See* Undisputed Facts ¶¶ 26-28.)  Given the facts of the case, it would be impossible for a jury to find Bacci's conduct rose to the level of willfulness or recklessness as Bacci did not act in a way that risked violation of FACTA that is substantially greater than a negligent

Case No. 08 CV 2259                                        3006974 ELS/MAA

violation of the statute. *See Safeco*, 127 S. Ct. at 2215.

Bacci logistically could not have willfully violated or recklessly disregarded the federal statute requiring truncation of credit card numbers because even if it could be shown—which, reasonably, it cannot—that somehow or in some way Bacci found out about FACTA requirements in early 2006, when Bacci received a replacement credit card machine in July 2006, Bacci believed that this machine would be compliant with all applicable laws and rules. (Undisputed Facts, ¶ 29.) National Translink had this same understanding. (*Id.*, ¶¶ 26-28.) This intervening event of a new credit card machine being provided in July 2006 makes impossible a finding of a willful violation because Bacci started using a terminal five months before the enforcement date that it reasonably believed was complaint with applicable rules, regulations or laws. At best, any printing by Bacci of receipts without credit card numbers being truncated during the class period was a technical mistake, and this type of mistake does not satisfy the willfulness requirement for demonstrating FACTA violations here. *See Am. Arms Int'l*, 563 F.3d at 85. Summary judgment is proper as a jury could not return a verdict for Mr. Shurland on his FACTA claim because there is no material fact in the case to demonstrate Bacci acted in willful or reckless disregard of the statute. *See Springer*, 518 F.3d at 483.

**WHEREFORE**, Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC.,, prays that this Honorable Court enter an order 1) granting summary judgment in its favor and denying any and all claims against it arising out of this lawsuit; and 2) finding that there is no reason for delay of the enforcement or appeal of its order.

Respectfully submitted,

By:      /s/ Molly A. Arranz
         Attorneys for Defendant
         BACCI CAFÉ & PIZZERIA ON OGDEN,
         INC.,

Case No. 08 CV 2259                                    3006974 ELS/MAA


Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Dated: June 10, 2009