**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 08 CV 2259 |
| v. | ) ) | |
| | ) | Judge Pallmeyer |
| BACCI CAFÉ & PIZZERIA ON ODGEN, INC. and DOES 1 – 10, | ) ) ) ) | |
| Defendants. | | |

**PLAINTIFF'S MOTION TO COMPEL RULE 30(b)(6) DEPOSITION AND TO
EXTEND MERITS DISCOVERY CUT-OFF DATE**

Plaintiff, CHRISTOPHER D. SHURLAND, through his attorneys, ANDERSON + WANCA, for his Motion to Compel the Rule 30(b)(6) deposition of Defendant's Representative, states the following:

1.    The court entered an order granting Plaintiff's Motion for Class Certification on August 19, 2009.  Thereafter, the court entered an order setting the completion date for merits discovery by October 20, 2009 which was subsequently extended to November 20, 2009.

2.    On November 3, 2009, Plaintiff served Defense counsel For Bacci a Notice for Rule 30 (b)(6) Deposition of a representative knowledgeable to testify as to Defendant's practice of destroying its merchant receipts.(See Notice of Rule 30(b)(6) Deposition and Rider A attached as Exhibit 1).

3.     Plaintiff's counsel subsequently received a call from Eric Samore, defense counsel for Bacci, at which time he objected to the deposition indicating that he would not produce a witness responsive to the notice for deposition. During this conversation, plaintiff's counsel requested that the deposition to proceed but defense counsel objected and indicated that a motion to compel would need to be presented before the court. During this conference, the parties attempted to resolve the dispute regarding this deposition in good faith pursuant to Local Rule 37.2, but were unable to reach an accord. As such, the deposition did not proceed on this date.

4.     Plaintiff is also requesting leave of Court pursuant to Federal Rule of Civil Procedure 30(a)(ii) to take the deposition of the corporate representative from Bacci regarding its practice and procedure of destroying merchant receipts, relevant documents to this instant lawsuit.

5.     The deposition of Vince Didiana, one of the owners of the Defendant, Bacci, proceeded on December 9, 2008.  The deposition was taken at that time in his individual capacity and not as a corporate representative for the Defendant.  During the course of his deposition, Mr. Didiana testified that the Defendant would reatain the Merchant receipts for a few months and then dispose of them. (See Vince Didiana dep. tr. p. 30, attached as Exhibit 2).

6.     A notice of deposition made pursuant to Rule 30(b)(6) requires that a corporation produce one or more representatives to testify with respect to the matters set out in the deposition notice or subpoena.  A Rule 30(b)(6) deponent's testimony is different than that of an individuals because it does not represent the knowledge or opinions of the individual, but rather that of the business entity.  *United States v. Taylor*,

166 F.R.D. 356 (M.D.M.C. 1999). While Mr. Didiana may have provided some testimony in his individual capacity as to what Defendant's procedures were with respect to the retention or destruction of relevant documents, he was not necessarily being presented nor deposed in his capacity as an official corporate representative for the Defendant. Since Defense counsel has indicated his refusal to present a corporate representative of the Defendant for this deposition, Plaintiff has filed the instant Motion to Compel.

7.     In *Quality Aero Technology, Inc. v. Telemetrie Elektronik GmbH,* 212 F.R.D. 313 (E.D.N.C. 2002), the plaintiff filed an initial 30(b)(6) deposition of the defendant, and without leave of Court, served a second Rule 30(b)(6) notice upon the defendant. When the defendant failed to appear, the plaintiff moved to compel the second deposition which the Court granted concluding that prior judicial approval for a second deposition is not necessary in a Rule 30(b)(6) context, since "Rule 30(b)(6) depositions are different from depositions of individuals." Id. at 319.

8.     In the instant case, defense counsel having to present a representative of Bacci for this deposition will be neither onerous nor unduly burdensome. Further, the discovery sought will not be unreasonably cumulative or duplicative. The topics or issues to be addressed at the Rule 30(b)(6) deposition are rather straight forward and simple and Plaintiff's counsel believes that the deposition could be completed in approximately a one hour time period. Finally, the burden of expense of the proposed discovery is not outweighed by its benefit, considering that it relates to the apparent destruction of documents relevant to the prosecution of this action.

WHEREFORE, Plaintiff, CHRISTOPHER D. SHURLAND, respectfully requests that the Court enter an order granting Plaintiff leave to take the Rule 30(b)(6) deposition of the corporate representative of the Defendant, that Defendant be compelled to produce a representative to testify as to the topics identified in Rider A attached to the Notice of Deposition and to extend merits discovery for the purpose of completing this deposition .

Respectfully submitted,

CHRISTOPHER D. SHURLAND,
individually and as the representative of a
class of similarly-situated persons

By:  s/Jonathan E. Irwin
        One of the Attorneys for Plaintiff

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760          134 N. La Salle St., Suite 1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone:  847-368-1500                Telephone:  312-658-5500
Fax:  847-368-1501
#3126474