IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08 CV 2259 |
| BACCI CAFÉ & PIZZERIA ON OGDEN INC., and DOES 1-10, | ) ) ) | Judge Pallmeyer |
| Defendants. | ) ) ) | Mag. Judge Brown |

**DEFENDANT, BACCI CAFÉ & PIZZERIA ON OGDEN INC.'S RESPONSE TO MOTION TO COMPEL 30B6 DEPOSITION**

**NOW COMES** Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC., (hereinafter "Bacci" or "Defendant" by and through its attorneys in response to plaintiff motion to plaintiff's motion to compel 30b6 deposition and to extend discovery cut off, states as follows:

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff, Christopher D. Shurland, has filed a Class Action Complaint against Defendant Bacci, a family owned and operated Pizza restaurant, seeking recovery and relief for alleged violations of the Fair and Accurate Transactions Act of 2003 ("FACTA"). This case had an original discovery cut off date of January 30, 2009. *See* this Court's June 12, 2008, order attached hereto as **Exhibit A**. The order allowed all discovery, both merits and class discovery to proceed.

Defendant is a small family owned corporation that operates a pizzeria. The

depositions of all Bacci owners, officers, and significant employees including, Vince Didiana, Pasquale Didiana, Dominic Didiana, Chiara Didiana, and Oscar Mendoza were conducted in December of 2008 and January of 2009. The case continued to proceed through discovery and nine months ago, on February 4, 2009, this Court extended the discovery closure date to March 30, 2009. This Court's February 4, 2009, order is attached hereto as **Exhibit B**.

On April 10, 2009, Plaintiff filed a motion requesting the discovery cut off date to be extended an additional forty-five days. This motion was uncontested by Defendant, the motion was granted, and the discovery close date was extended to May 29, 2009. This Court's April 10, 2009, order is attached hereto as **Exhibit C**. On August 27, 2009, this Court again, at Plaintiff's request, extended discovery and ordered that class discovery be completed by October 20, 2009. This Court's August 27, 2009, order is attached hereto as **Exhibit D**. On October 12, 2009, the plaintiff again moved this Court for an extension of the discovery cut off date. Plaintiff's Motion for Extension is attached hereto as **Exhibit E**.

Plaintiff's motion requested a discovery cut off date because Plaintiff was "in the process of reviewing the documents received from American Express to determine whether a Rule 30(b)(6) subpoena deposition of a representative from American Express..." should be taken. *See* **Exhibit E** (emphasis added). Plaintiff's motion fails to mention the possibility of additional party depositions in this case. *See* **Exhibit E**. Plaintiff's motion was uncontested by Defense counsel based on the contents of Plaintiff's motion, and plaintiff counsels representations to counsel regarding the discovery he wanted to take. On October 14, 2009, this Court granted unopposed

Plaintiff's motion and extended the discovery cut off to November 20, 2009. This Court's October 14, 2009, order is attached hereto as **Exhibit F**.

On November 3, 2009, nearly a full year after each Bacci owner, officer and representative was deposed, for the first time, Plaintiff issued a Notice of Rule 30(b)(6) Deposition to Defendant requesting the deposition of "Representative from Bacci Café & Pizza on Ogden, Inc. knowledgeable as to topics addressed" in an attached rider. The subject notice and rider are attached hereto as **Exhibit G**.

## ARGUMENT

i. **Plaintiff's Motion should be denied, because Plaintiff already had the opportunity to depose all Bacci's owners, officers and employees, and Plaintiff has no right or good cause to take a party deposition twice.**

Plaintiff's Notice of Rule 30(b)(6) Deposition should be stricken because the individual requested in the notice would be one of Bacci's representatives that have already been deposed in this case. Plaintiff already had his opportunity, a year ago when the aforementioned individuals were deposed, to question Bacci representatives about the topics in the subject rider. Plaintiff should not be allowed a second opportunity to do so. Federal Courts from all over the country have cautioned against allowing a second deposition of a party. A Kansas Court held that "[a]bsent some showing of need or good reason for doing so, court will generally not require deponent to appear for second deposition; scheduling second deposition of same person without showing of good reason will generally support finding of annoyance and undue burden or expense." Sentry Ins. v Shivers 164 FRD 255 (D.C. Kansas 1996); *see also* Welty v Clute (1940, DC NY) 1 FRD 446 (D.C. New York 1940) (holding that Defendants' motion to take plaintiff's deposition was denied on grounds that plaintiff had previously been examined and cross-examined

at taking of his deposition for purpose of perpetuating his testimony); and <u>Melhorn v N.J. Transit Rail Operations, Inc.</u> 203 FRD 176 (E.D. Pennsylvania 2001) (holding that absent some showing of need or good reason for doing so, deponent should not be required to appear for a second deposition).

Additionally, pursuant to FRCP 26, this Court has the full authority to limit discovery, including depositions. *See* FRCP 26. Specifically, FRCP 26(b)(2)(c)(ii) states that the Court has the ability to limit discovery when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." *See* FRCP 26(b)(2)(c)(ii). In this case, the plaintiff has had nearly a year, including the time spent actually deposing the Bacci representatives, to obtain the information desired in the subject rider. Plaintiff has had ample time to obtain this information through supplemental written discovery or by seeking leave of Court to take an additional deposition during the last eleven months. Plaintiff has failed to do so and this Court should exercise its right, pursuant to FRCP 26, to limit discovery and strike Plaintiff's Notice of Rule 30(b)(6) Deposition.

This Court should apply the same principles as the aforementioned cases and FRCP 26 and strike the Plaintiff's Notice of Rule 30(b)(6) Deposition. There is no need or good reason for subjecting a Bacci representative to a second deposition. All of the Bacci representatives have already been deposed by Plaintiff's counsel and there is no reason why the topics in the rider could not have been addressed at the first depositions. Plaintiff simply has already had more than ample time to obtain the desired information. Allowing for a second deposition of a Bacci representative would support annoyance, undue burden, and undue expense. *See* <u>Sentry Ins. v Shivers</u> 164 FRD 255 (D.C. Kansas

4

1996). As such, Plaintiff's Notice of Rule 30(b)(6) Deposition should be stricken by this Court.

The one case relied upon by the plaintiff did not involve small closely held, family corporation, *Quality Aero Technology Inc v. Telemetric Elektronik* GmbH, 212 FRD 313 (EDNC 2002). A party is not allowed to have multiple bites at the apple, under the guise of 30B6.

### ii. Plaintiff's 30b6 deposition notice has no relevance to any of the factual and legal issues in dispute.

Plaintiff's 30b6 notice seeks information regarding the reasons why a small businesses did not retain thousands of credit card receipts for a minimum of three years. This is not an issue that has anything to do with the merits of plaintiff's claim, which is based on FACTA. Such receipts are not required to be kept for tax purposes, because there are numerous other, and more efficient ways that such income related information is recorded and maintained electronically and can be reported for tax purposes. For example, each credit card transaction is memorialized in the monthly statement that the processing company sent to Bacci, without the credit card number of each customer, which is omitted for good reason, to protect the identity of the customers.

Plaintiff appears to be taking the position that a business is obligated to retain thousands or (in the case of a large business) hundreds of thousands of hard copies of merchant credit card receipts for three years, even though there is no statutory or legal obligation to do so. There is simply no support in the law for such a position.

Plaintiff's position is not only inconsistent with Bacci's statutory and legal obligations, if it were followed, it may increase the chance that customers credit card identity would be stolen. The merchant copy of the receipt includes the customer's credit

card number. If businesses were to statutory keep merchant copies of credit card receipts for a minimum of three years, as plaintiff suggests, such a policy might actually increase the danger of credit card identity theft, as countless credit card receipts, with the customer name and credit card number would be available.

### iii. Plaintiff's motion should be denied, because the latest discovery deadline extension was granted because of discovery relating to American Express and identifying potential class members.

As detailed above, the Plaintiff has requested and been granted multiple discovery cut off date extensions. The latest extension was granted by this Court, and was unopposed by Defendant, due to specific reasons described in Plaintiff's latest Motion for Extension. *See* **Exhibit E**. Plaintiff's motion references the need to deal with a subpoena response from American Express and the possibility of a Rule 30(b)(6) deposition of a representative from American Express. Id. Presumably, the subpoena and possible deposition of an American Express representative relates to Plaintiff's efforts to locate and identify potential class members.

Plaintiff's motion makes no reference to additional depositions of Bacci representatives. Id. If Plaintiff's latest Motion to Extend requested an extension of the discovery cut off date so that they could obtain a second opportunity to take party depositions of Bacci representatives, that motion would have been met with all of the objections detailed in the present motion. It is clear that Plaintiff already had his opportunity to depose Bacci representatives and is attempting to use this Court's latest extension, and Defense counsel's lack of objection to an extension of class discovery, as an opportunity to retake party depositions. Plaintiff should not be allowed to reopen party depositions pursuant to an extension that was granted for time so that Plaintiff could

acquire class information. As such, this Court should strike Plaintiff's Notice of Rule 30(b)(6) Deposition.

### iv. Plaintiff's Notice should be stricken because Plaintiff has not sought leave of court to take a second deposition as required by FRCP Rule 30(a)(2).

Federal Rule of Civil Procedure 30(a)(2) clearly requires that a party obtain leave of Court to take a deposition where "the deponent has already been deposed in the case." *See* FRCP 30(a)(2). Here, the Plaintiff's Notice of Rule 30(b)(6) Deposition calls for the deposition of a "Representative from Bacci Café & Pizza on Ogden, Inc. knowledgeable as to topics addressed" in an attached rider. In a case from the Southern District of Illinois, the Court noted that Defendants failed to seek leave of the court to depose participants for a second time; a requirement under FRCP 30(a)(2). *See* Beesley v. Int'l Paper Co., 2008 U.S. Dist. LEXIS 75788 (S.D. Ill. 2008), attached hereto as **Exhibit H**. As such, the trial judge adequately stated procedural basis for his decision to deny Defendant's request for second depositions. Id.

In this case, the requested representative would be one of the individuals who has already been deposed in this case; Vince Didiana, Pasquale Didiana, Dominic Didiana, Chiara Didiana, or Oscar Mendoza. As such, Plaintiff will need the permission of this Court, pursuant to Rule 30(a)(2) to take the deposition of the Bacci representative that has already been deposed in this case. Plaintiff has neither requested nor obtained the prerequisite leave of court required for second depositions. Defendant urges this Court to strike the plaintiff's Notice of Rule 30(b)(6) Deposition for the procedural failures of Plaintiff under Rule 30(a)(2) as well as the additional substantive reasons stated above.

## CONCLUSION

Plaintiff should not be allowed the second attempt to depose Defendant's owners and officers a year after they sat for their initial depositions in this case. Plaintiff has asked this Court to extend the discovery cut-off several times over the course of this case, and the court has most recently granted an extension based on Plaintiff's assertions that it needed more time to deal with subpoenas to American Express and the possible deposition of an American Express representative. Plaintiffs failed to request an extension of discovery in this case for the purpose of re-deposing Bacci representatives. Any such request would have been met with objections by Defense counsel because Plaintiff already had its opportunity to depose these individuals a year ago. Plaintiff should not be allowed to re-depose Bacci representatives long after the "party deposition" aspect of this case has been concluded. Defendant has no objection to Plaintiff's continued discovery as to American Express and identifying class members, but Defendant sees no valid reason why Plaintiff should be afforded as second opportunity to depose party representatives on topics they easily could have addressed a year ago.

**WHEREFORE**, Defendant, BACCI CAFÉ & PIZZERIA ON OGDEN, INC., prays that this Honorable Court enter an order denying plaintiffs motion to compel.

Respectfully submitted,


By: ____/s/ Eric L. Samore_____
Attorneys for Defendant
BACCI CAFÉ & PIZZERIA ON OGDEN, INC.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200


Dated: November 24, 2009

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 24th day of November 2009, he served the Defendant, Bacci Café & Pizzeria on Ogden Inc.'s **Response to Motion to Compel 30B6 Deposition** on all parties by their respective attorneys pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]   Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: November 24, 2009.

/s/ Eric L. Samore

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR BACCI CAFÉ & PIZZERIA ON OGDEN, INC.