# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> BACCI CAFÉ & PIZZERIA ON ODGEN, INC. and DOES 1 – 10, <br><br> Defendants. | ) ) ) ) ) ) ) No. 08 CV 2259 ) ) Judge Pallmeyer ) ) ) ) ) |

**PLAINTIFF'S UNCONTESTED MOTION FOR A 30-DAY EXTENSION OF THE MERITS DISCOVERY CUT-OFF DATE**

Plaintiff, CHRISTOPHER D. SHURLAND, through his attorneys, Anderson + Wanca, moves for a 30-day extension of the October 20, 2009 merits discovery cut-off date. In support thereof, Plaintiff states the following:

1. The court entered an order granting Plaintiff's Motion for Class Certification on August 19, 2009. Thereafter, the court entered an order setting the completion date for merits discovery by October 20, 2009.

2. Plaintiff's counsel contacted counsel for National Translink requesting the identity of the customers who used credit/debit cards at the Defendant's business based on "Batch Control" documents. On September 4, 2009, Counsel for National Translink responded indicating that National Translink did not have the requested information (see Exhibit "A"). Based on a subsequent request made by Plaintiff's counsel, counsel for National Translink advised that this information might be obtainable from CardWorks Processing located in Tucson, AZ which is the entity that originally prepared the "Batch Control" documents. Plaintiff's

counsel has served a subpoena on CardWorks Processing and is still in the process of trying to obtain the subject information.

3.     Plaintiff's counsel also served a records subpoena upon American Express Company on September 2, 2009 requesting production of any notifications made by American Express to the Defendant regarding FACTA's truncation requirements (see Exhibit "B"). Although, the return date for compliance with the subpoena was September 18, 2009, Plaintiff's counsel did not receive a response to the subpoena until October 8, 2009.

4.     Plaintiff's counsel initially received a letter from American Express acknowledging receipt and processing of the subpoena on September 10, 2009 (see Exhibit "C"). Plaintiff's counsel contacted American Express' Subpoena Compliance Department on September 14, 2009 regarding the status of the subpoena and was advised that the subpoena had been sent to American Express' Merchant Services office in Phoenix, AZ for processing. Plaintiff's counsel subsequently contacted American Express Merchant Services on October 1, 2009 to again check on the status of the subpoena and was advised that the subpoena request could not be located. Plaintiff's counsel immediately faxed proof of service of the records subpoena to its Legal Hold Division (see Exhibit "D"). Plaintiff's counsel subsequently received a call from Donielle Mead of American Express Merchant Services who indicated that they were behind in processing the records subpoena request but that a response would be forthcoming in the near future.

5.     Plaintiff's counsel is in the process of reviewing the documents received from American Express to determine whether a Rule 30(b)(6) subpoena deposition of a representative from American Express Merchant Services should be taken in Phoenix, AZ where its office is located and where Plaintiff's counsel believes the representative will be presented for deposition.

5.     Plaintiff's counsel has attempted to comply with the court's merits discovery cut-off date but has not been able to do so and, as such, is requesting additional time. The Plaintiff is

requesting that the court enter an order granting an extension for the completion of merits discovery for approximately 30 days, through November 20, 2009.

6.  This is Plaintiff's first written request for an extension of the merits discovery cut-off date. Plaintiff's counsel, Jonathan E. Irwin, has spoken to Defendant's counsel, Eric Samore, and he has no objection, and Thomas Andreoli, counsel for National Translink, who has indicated that he has no position as to Plaintiff's motion.

WHEREFORE, for the foregoing reasons, Plaintiff, CHRISTOPHER SHURLAND, respectfully requests that this Court enter an order granting Plaintiff's motion and granting a 30-day extension, through November 20, 2009 of the merits discovery cut-off date, to allow for the completion of merits discovery.

                Respectfully submitted,

                s/ Jonathan E. Irwin
                One of Plaintiff's Attorneys

| | |
|---|---|
| Brian J. Wanca | Phillip A. Bock |
| Jonathan E. Irwin | BOCK & HATCH, LLC |
| ANDERSON + WANCA | 134 N. LaSalle Street, Suite 1000 |
| 3701 Algonquin Road, Suite 760 | Chicago, IL 60602 |
| Rolling Meadows, IL 60008 | Telephone: 312/658-5500 |
| Telephone: 847/368-1500 | |

**EXHIBIT A**



**SONNENSCHEIN NATH & ROSENTHAL LLP**

233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404
312.876.8000
312.876.7934 fax
www.sonnenschein.com

Thomas A. Andreoli
312.876.7474
tandreoli@sonnenschein.com

September 4, 2009

VIA E-MAIL

Jon Irwin
Anderson and Wanca
3701 Algonquin Road
Suite 760
Rolling Meadows, IL 60008

Re: *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, No. 08 CV 2259

Dear Jon:

I followed up on your letter of August 31, 2009. As we discussed this morning, I am unaware of a means that the records referenced in your letter could be used to identify customers who used credit/debt cards at Bacci Café. Thanks.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: *Thomas Andreoli*

Thomas A. Andreoli

TAA/jh

Brussels   Chicago   Dallas   Kansas City   Los Angeles   New York   Phoenix   St. Louis
San Francisco   Short Hills, N.J.   Silicon Valley   Washington, D.C.   Zurich

# EXHIBIT B

⌐AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     ARIZONA

CHRISTOPHER D. SHURLAND, ET AL.

V.

BACCI CAFE & PIZZARIA ON OGDEN, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08 CV 2259

Pending in Northern District of Illinois

TO: American Express Company
Through Service Upon Registered Agent, CT Corporation System, 208 S. LaSalle St., S-814, Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see enclosed Rider B with attached Exhibit 1.

| PLACE | Anderson & Wanca, 3701 Algonquin Rd., Suite 760, Rolling Meadows, IL 60008 | DATE AND TIME On or before 9/18/2009 10:00 am |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] (Attorney for Plaintiff) | 9/2/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan E. Irwin @ Anderson + Wanca, 3701 Algonquin Rd., Suite 760, Rolling Meadows, IL 60008, Telephone Number: 847-368-1500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | SEP 2, 2009 | CT CORPORATION (R.A.) 208 S. LASALLE CHGO/IL |

SERVED ON (PRINT NAME): AMERICAN EXPRESS COMPANY BY R.A. CT CORPORATION BY TRISHA DIAZ PROC SPEC

MANNER OF SERVICE:

SERVED BY (PRINT NAME): JOHN A POGVARA

TITLE:

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  SEP 2, 2009
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER: 711 SOUTH BLVD, STE 6, OAK PARK, IL

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

RIDER B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. SHURLAND, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BACCI CAFÉ & PIZZERIA ON OGDEN, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 08 CV 2259<br>)<br>)<br>)<br>)<br>)<br>) |

DEFINITIONS: "Document" or "documents" shall have the broad meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limitation, any writings or tangible thing of any kind, as well as any other means by which information is recorded or transmitted, including, but not limited to, audio or video tape recordings, electronic mail ("e mail"), web pages, microfilms, photographs, charts, drawing, graphs, punch cards, computer diskettes, CD-ROMS, digital video discs ('DVDs"), computer programs, word processing files, printouts, data processing records and the written information necessary to understand and use such material. The term "document" or "documents" shall also include any data or information that is stored electronically or in a computer, whether or not reduced to printed form. A draft or non-identical copy of any document is a separate document within the meaning of the term.

## DOCUMENTS TO PRODUCE

Please produce the following documents as they are kept in the usual course of business by you, any office or practice in which you work, or by anyone else who has possession of such documents at your direction:

1. All documents, including, but not limited to the two page policy mailer attached as Exhibit 1, (example) contained, stored, kept or retained in American Express Company's or American Express Merchant Services' Policy and Procedure archive that would have been mailed or sent Bacci Café & Pizzeria on Ogden, Inc., 5290 W. Ogden Avenue, Berwyn, IL 60402 and to Bacci Café & Pizzeria, 2248 W. Taylor St., Chicago, IL 60612-4243, service establishment number 312-084-0913 informing this merchant of the requirements under the Fair and Accurate Credit Transactions Act of 2003 that customer's credit card numbers and expiration date needed to be truncated/removed from the copy of customer's receipt.

2.   Any documents which confirm that the two page policy mailer attached as Exhibit 1 was mailed to Bacci Café & Pizzeria on Ogden, Inc.

September 2004

I'd like to thank you for accepting the American Express® Card and giving us the opportunity to work with you. I'd also like to pass along important information about your Card Acceptance Agreement and new security standards you need to be aware of.

**Your new Card Acceptance Agreement.** This Agreement contains much of the same information you've seen in the past, only restated with easier-to-read language. For example, a few updates are highlighted below:



- Authorizations are no longer required for credits or reversing authorizations on unsubmitted charges
- Procedures for accepting pre-paid Cards are outlined
- Steps addressing compromises of Cardmember information are provided
- New terms are specified for restaurants, parking lots, movie theaters, and sellers of motor vehicles
- Requirements for keeping your merchant information up to date
- Refinements in our dispute resolution process

This new Agreement serves as the official replacement to your original Agreement and any additional addendums. It becomes effective on the date indicated in the agreement. Please review it and contact us at 1-800-528-5200 with any questions.

**New security information.** This year, the major card companies agreed to work together to protect cardholder account data from being stolen. The guidelines we've created can help protect both you and your customers, and you should familiarize yourself with them as soon as possible. Additionally, we're including a summary of new federal laws that require the truncation of credit card and debit card account numbers on receipts. It's important to note that while you are responsible for becoming compliant with this new law, the enclosed data security sheet will provide you with the information necessary to support your efforts to do this for your American Express transactions.

Please be sure to review all the enclosed materials, and don't hesitate to call us if you have any questions at 1-800-528-5200. We look forward to another great year of success with you.

Sincerely,

William Glenn
President
Establishment Services, North America

P.S. As a merchant who accepts American Express, you can save on the everyday business items you need most. With our Business Savings plan, you'll save with Office Depot,® FedEx,® IBM,® and Amazon.com. See the enclosed information for more details, then visit **americanexpress.com/bizsavings**.

EXHIBIT 1



PMCVBS

what you should know about keeping customer data secure.

**Federal Legislation: truncating account numbers on receipts.** On December 4, 2003, President Bush approved a federal law that preempts existing state laws requiring truncation of account numbers on customer receipts, thereby creating a uniform national standard. This legislation, called the Fair and Accurate Credit Transactions Act of 2003 provides (among many other things) that "no person accepting credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

**How does this impact your business?** This requirement applies only to receipts that are electronically printed, and does not apply to transactions in which the sole means of recording a credit or debit card account number is by handwriting or by an imprint or copy of the card. Equipment that is first put into use on or after January 1, 2005, must comply with this requirement, and equipment in use before that date must become compliant by December 2006.

**How did American Express respond?** American Express actively promotes the protection of Cardmember information, as well as other fraud prevention measures. Although merchants are liable for ensuring they are compliant with this new law, American Express encourages and will support merchants in their efforts to become compliant with these laws as they apply to American Express transactions and/or products.

**Where can you call for more information?** If you have questions regarding compliance of your existing product, please call your product service provider. If you want to obtain a compliant American Express product (credit card terminals, PC software, internet, phone, etc.), please contact the American Express Product Service Desk at 1-800-528-0682, Monday – Friday, 6am – 5pm MT.

**Product Service Desk**
**1-800-528-0682**
**Monday – Friday, 6am – 5am MT**



TO: All Merchants

FROM: American Express, Diners Club, Discover card, JCB, MasterCard, and Visa

RE: Merchant Requirements for Securing Cardholder Information

**Improved measures to help prevent data theft.** The rising incidence of stolen cardholder account data is a major concern for all participants in the payment industry. As a result of these thefts, merchants and financial institutions suffer fraud losses and unanticipated operational expenses, and consumers are inconvenienced significantly. To protect your business, your customers (cardholders), and the integrity of the payment system, each of the card companies has in place a set of requirements governing the safekeeping of account information. This document gives a brief overview of the most critical aspects of those requirements.

### Summary of Card Company Requirements Governing Cardholder Information Security

| | |
|---|---|
| **Storage of Cardholder Information** | ○ Do not store the following under any circumstance:<br>– Full contents of any track from the magnetic strip on the back of the card.<br>– Card-validation code — the three-digit value printed on the signature panel of a MasterCard, Visa, Discover, JCB, or Diners Club card, and four-digit code printed on the front of an American Express® Card.<br>○ Store only that portion of the customer's account information that is essential to your business — i.e., name, account number, or expiration date.<br>○ Store all material containing this information (e.g., authorization logs, transaction reports, transaction receipts, car rental agreements, and carbons) in a secure area limited to authorized personnel. |
| **Destruction of Cardholder Information** | ○ Destroy or purge all media containing obsolete transaction data with cardholder information. |
| **Use of Agents or Third Parties** (Vendors, Processors, Software Providers, Payment Gateways, or Other Service Providers) | ○ Advise each merchant bank or processing contact (representing each of your card brands) of any agents that engage in, or propose to engage in, the processing or storage of transaction data on your behalf — regardless of the manner or duration of such activities.<br>○ Make sure these agents adhere to all rules and regulations governing cardholder information security. Any violation by your agent may result in unnecessary financial exposure and inconvenience to your business. |
| **Reporting a Security Incident** | ○ In the event that transaction data is accessed or retrieved by any unauthorized entity, notify the merchant bank or processing contact for each card brand immediately.<br>○ This report will not only minimize risk to the payment system, but protect your customers in the most responsible manner. Systems and procedures are in place to immediately stop the unauthorized use of compromised data, but are effective only when you do your part to promptly report a security incident. |

We continue to work on your behalf to reduce payment card fraud, and offer this communication to enhance your awareness, minimize risk, and protect your customers. If you have any questions or would like to have more information, please visit our websites or contact your representatives for any of the card brands sponsoring this correspondence.


www.americanexpress.com


www.dinersclubus.com


www.discoverbiz.com


www.jcbusa.com


www.mastercardmerchant.com


www.visa.com

**EXHIBIT C**



American Express / DATAMARK
Attention: Subpoena Compliance
43 Butterfield Circle
El Paso, TX 79906

September 10, 2009

**Anderson & Wanca**
Attn: Jonathan E Irwin
3701 Algonquin Rd, Ste 760
Rolling Meadows, IL 60008

**RE: Christopher D Shurland et al v Bacci Cafe & Pizzaria On Ogden Inc et al**
**Our File No: 09251MQR1758523**
**Case No: 08 CV 2259**

Dear Sir / Madam:

This letter acknowledges receipt of the Subpoena for records. We are in the process of conducting a search of the American Express account database to comply with your request.

Should you have any questions please do not hesitate to contact us at the telephone number below.

Cordially,

American Express Subpoena Compliance Department
1-888-257-7775
21DL

**EXHIBIT D**

# ANDERSON + WANCA
## ATTORNEYS AT LAW

3701 ALGONQUIN ROAD, SUITE 760, ROLLING MEADOWS, IL 60008
TEL: (847) 368-1500  •  FAX: (847) 368-1501
EMAIL: BUSLIT@ANDERSONWANCA.COM

October 1, 2009

Fax: 1-623/707-2697
American Express Merchant Services
Legal Hold Department

Case Name: Shurland v. Bacci
Court No.:  08 CV 2259
Your File No.: 09251MQR175823

Dear Legal Hold Department:

    I spoke yesterday with a representative from your department regarding the enclosed records subpoena request. I would kindly request that you respond to the subpoena. I would also request that a representative call me as to the time frame for compliance with the subpoena. I can be reached at 847/368-1500.

    I appreciate your cooperation in this matter.

Sincerely,

Jonathan E. Irwin